**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

EMILY SEARS,

                        Plaintiff,

        v.                                                    8:18-CV-909
                                                              (DNH/CFH)
GEOFFREY P. CARMICHAEL, et al.,

                        Defendants.

---

**APPEARANCES**:                              **OF COUNSEL**:
Office of Noreen E. McCarthy          NOREEN A. MCCARTHY, ESQ.
P.O. Box 756
Keene Valley, New York 12943
Attorney for plaintiff


**REPORT-RECOMMENDATION AND ORDER**

        Plaintiff Emily Sears, represented by counsel, commenced this action on August

2, 2018 with the filing of a complaint.  Dkt. No. 1 ("Compl.").  In lieu of paying this

Court's filing fee, plaintiff filed a motion for leave to proceed in forma pauperis ("IFP").

Dkt. No. 2.  Upon review of plaintiff's IFP application, the undersigned concludes that

hse may properly proceed with this matter IFP.[1]


**I.  Initial Review**

**1.  Applicable Law**

        Section 1915(e) of Title 28 of the United States Code directs that, when a

---

        [1]  Plaintiff is advised that, although she has been granted IFP status, she is still required to pay all
copying fees,  witness fees, and other fees  that she may incur in this action.

plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain her complaint before permitting her to proceed with her action.

## 2. Complaint

Plaintiff, purporting to commence this action pursuant to 42 U.S.C. § 1983, contends that defendants violated her rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution

> for Unlawful Arrest and Imprisonment, Unlawful Home Invasion, Unlawful Arrest, Illegal Search of Home without Probable Cause, Assault, Battery, Harassment, Sexual Harassment, Use of Excessive Force, Intentional Infliction of Emotional Distress, Malicious Prosecution, Invasion of Privacy, Unjustified Restrain [sic], Trespass, and Incompetent and Negligent Supervision and Training Of Law Enforcement Personnel, and for Violation of Plaintiffs' [sic] rights under the constitution of the State of New York, including Article 1, §8 and Article §12.

Compl. at 1.  Plaintiff contends that on or about August 3, 2015,[2] defendant Cromb and "others known and unknown to Plaintiff" forcibly entered plaintiff's apartment without a warrant and without plaintiff's permission and conducted an unlawful search of the apartment.  Id. at 8 ¶ 22.  Plaintiff contends that officers were searching for her

---

[2]  Elsewhere in the complaint, plaintiff contends the incidents occurred "on or about August 18, 2015."  Compl. at 7 ¶ 20, 8 ¶ 23.

boyfriend, Thomas Collins, who was not present in the home, in order to arrest him on an outstanding warrant for contempt. Id.  Plaintiff alleges that, during this search, defendant Carmichael demanded that plaintiff present herself to him immediately, even though she was not fully dressed and had informed him of this. Id. at 9-10.  Defendant Carmichael placed plaintiff in handcuffs, hurting her while doing so. Id.  Plaintiff contends that Carmichael searched the home, in the dark, with his gun drawn, while her four young children were in the home, creating "an unreasonable risk of serious injury and death to Plaintiff and to her young children and other occupants of the home." Id. at 10.  Defendants Carmichael, Wenske, and Moody arrested plaintiff, transported her to the police station, and held her for fourteen days at the Franklin County Jail. Id. at 11.  Plaintiff was convicted as a result of the arrest on August 3, 2015. Id. at 11.  The New York State Appellate Division, Third Department reversed the conviction. Id. at 11; Dkt. No. 1-1.  Plaintiff purports to bring the action against the individual defendants in their personal and official capacities.

### 3. **Analysis**

To the extent plaintiff seeks to bring her claims against defendants Carmichael, Wenske, Crumb, Moody, and the John Doe defendants in their official capacities, this District has held that "'claims against municipal officers in their official capacities are really claims against the municipality and, thus, are redundant when the municipality is also named as a defendant." Wallikas v. Harder, 67 F.Supp. 2d 82, 83 (N.D.N.Y. Oct. 25, 1999) (citing Busby v. City of Orlando, 931 F.2d 764, 766 (11th Cir. 1991)).  This is

because "[t]he real party in interest in an official capacity suit is the governmental entity and not the named official." Booker v. Board of Educ., Baldwinsville Cent. Sch. Dist., 238 F.Supp. 2d 469 (N.D.N.Y. 2002) (citing Union Pacific R.R. v. Village of S. Barrington, 598 F. Supp. 1285 (N.D. Ill. 1997)). Here, in addition to naming the individual defendants, plaintiff named the Saranac Lake Police Department, Tupper Lake Police Department, Town of Tupper Lake, and Town of Saranac Lake. See Compl. Because plaintiff appears to have commenced this action against Doe #1, Doe #2, and Doe #3 – "supervisors of the TLPD and SLPD" as Monell claims – it is recommended that plaintiff's Monell claims against the individual defendants in their official capacities be dismissed as "redundant." Id. at 7-8. To the extent plaintiff attempts to bring the remaining claims in his complaint against all of the individual defendants in their official capacities, it is also recommended that such claims be dismissed because "[n]either a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under § 1983." Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998) (citations omitted). Accordingly, claims against the individual defendants in their official capacities must fail as a matter of law as they cannot be brought under § 1983, and should be dismissed with prejudice.

Next, plaintiff contends that defendants have violated the Eighth and Fourteenth Amendments, apparently in "using excessive force against plaintiff, subjecting Plaintiff to humiliating and degrading treatment, and sexually harassing Plaintiff." Compl. at 1, 12-13 ¶ 35. However, as plaintiff alleges that the excessive force occurred at the time of her arrest/detention, the Eighth and Fourteenth Amendments do not apply to these

claims.

> The Eighth Amendment standard "applies only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions;" i.e., during the post-conviction stages . . . Whereas the substantive due process rights provided by the Fourteenth Amendment apply only in situations where the protections provided by the Fourth and Eighth Amendments are not applicable. County of Sacramento v. Lewis, 523 U.S. 833, 844-45, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). Here, Plaintiff complains of abuses that occurred during his arrest and are properly analyzed under the Fourth Amendment.

Williams v. Falkowski, No. 9:11-CV-826 GLS/RFT, 2013 WL 5423703, at *4 (N.D.N.Y. Sept. 26, 2013) (internal citation omitted); Porath v. Bird, 9:11-CV-963 (GLS/CFH), 2013 WL 2418253, at *16 ("If excessive force was allegedly used before arraignment, the Fourth Amendment standards govern.") (citing Graham v. Connor, 490 U.S. 386, 394 (1989)).  Accordingly, it is recommended that, to the extent plaintiff has attempted to raise Eighth and Fourteenth Amendment excessive force claims, such claims be dismissed with prejudice.[3]

Finally, the undersigned observes that plaintiff has named three John Doe defendants: Doe #1, Doe #2, and Doe #3.  In the event that the District Judge permits this complaint to proceed, should plaintiff wishes to pursue this claim against these defendants, she must take reasonable steps to ascertain their identities.[4]

---

[3]  Plaintiff also alleges excessive force under the Fourth Amendment.  The undersigned recommends the Fourth Amendment excessive force claim proceed for the reasons stated herein.

[4]  If the District Judge, upon Review of this Report-Recommendation and Order, determines that the Complaint may proceed, and plaintiff then decides she wants to proceed against the John Doe defendants, once she ascertains such defendants identities, plaintiff may file a motion seeking the Court's permission to amend her pleadings which would seek leave of the Court to add such individuals, by name, as defendants to this lawsuit. Plaintiff is advised that, should the District Judge determine, on review of this Report-Recommendation and Order, that this action can proceed, failure to timely serve these currently unidentified defendants will result in this action being dismissed as against the John Doe

## II.  Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED**, that all claims brought in plaintiff's complaint (Dkt. No. 1) against the individual defendants in their official capacities be **DISMISSED WITH PREJUDICE**; and it is further

**RECOMMENDED**, that plaintiff's Eighth Amendment and Fourteenth Amendment excessive force claims be **DISMISSED WITH PREJUDICE**, and it is further

**RECOMMENDED**, that the remainder of plaintiff's complaint – sans official capacity claims and Eight Amendment claims – be permitted to proceed; and it is

**ORDERED**, if the District Judge adopts this Report-Recommendation and Order, permitting the remaining causes of action to proceed, the Clerk of the Court the Clerk, following the adoption of the Report-Recommendation and Order, shall, without additional order of the Court, issue the summonses, along with a copy of the amended complaint and a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, and USM-285 form, to the United States Marshal for service upon the defendants; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation and Order upon plaintiff in accordance with local rules.

---

defendants.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Dated: August 6, 2018
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge